UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE ALTMANN,<br><br>        Plaintiff,<br><br>   v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC, a Delaware Limited Liability Company; WELLS FARGO BANK, a division of Wells Fargo, N.A.; and TRUSTEE CORPS,<br><br>        Defendants. | No. 1:15-cv-00880-GEB-GSA<br><br>**ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |

On July 2, 2015, Plaintiff filed an ex parte motion for a temporary restraining order ("TRO"), in which he seeks an order enjoining Defendants from "continuing [their] foreclosure by advertising[,] which will result in the eviction of Plaintiff from [his] home." (Pl.'s TRO 3:4-5, ECF No. 12.) In support of the motion, Plaintiff argues:

> Plaintiff will suffer immediate and irreparable injury if [D]efendant[s are] not immediately restrained from continuing foreclosure by advertisement which will lead to the eviction of Plaintiff[] from [his] home for which [P]laintiff has no adequate remedy at law. Until Plaintiff's Motion for Preliminary Injunction can be heard, an eviction process will ensue which will result in the depravation of Plaintiff's legally protected property and all trauma that goes with it, including damage to Plaintiff's relationships, reputation within the

1

> community, and hindering the ability to pursue their constitutionally guaranteed right to due process of law.
>
> There is a substantial likelihood that [P]laintiff will prevail on the merits. Plaintiff has proof via an expert forensic investigation that the Plaintiff[] was not in default at the commencement of foreclosure activity and that the Defendant[s] continued foreclosure activity without authority or standing.
>
> The threatened harm to Plaintiff outweighs the harm a temporary restraining order would inflict on Defendant[s]. The evidence proves that Plaintiff was not in default and did not sustain injury at the time foreclosure proceedings commenced. In addition, Defendant[s are] not a real party in interest and [are] merely . . . servicer[s] with no "stated or admitted" financial stake in the foreclosure.
>
> Issuance of a temporary restraining order is in the public interest, as the consuming public, including [Plaintiff], will continue to be harmed by violations and conduct of the Defendant[s] . . . if the relief requested herein is not granted.
>
> The court should enter this temporary restraining order without notice to Defendant[s] because Plaintiff will suffer immediate and irreparable injury, loss, or damage if the TRO is not granted before [D]efendant[s] can be heard, and there is no less drastic means to protect Plaintiff's interests.

(TRO 2:10-25 (paragraph numbering omitted) (citations omitted).)

A temporary restraining order is a provisional remedy intended to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." <u>Reno Air Racing Ass'n, Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir. 2006) (internal quotation marks omitted) (quoting <u>Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers</u>, 415 U.S. 423, 439

2

1  (1974)). To obtain a TRO, the movant must establish that "(1) [he
2  is] likely to succeed on the merits; (2) [he is] likely to suffer
3  irreparable harm in the absence of preliminary relief; (3) the
4  balance of equities tips in [his] favor; and (4) a preliminary
5  injunction is in the public interest." Sierra Forest Legacy v.
6  Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing Winter v.
7  Natural Res. Def. Council, Inc., 555 U.S. 7, 19 (2008)).

8      Local Rule 231 concerns the issuance of TROs. It
9  prescribes, *inter alia*: "Except in the most extraordinary of
10 circumstances, no temporary restraining order shall be granted in
11 the absence of actual notice to the affected party . . . or a
12 sufficient showing of efforts made to provide notice." E.D. Cal.
13 R. 231(a) (citing Fed. R. Civ. P. 65(b)). Local Rule 231(c)
14 further prescribes that "[n]o hearing on a temporary restraining
15 order will normally be set unless" certain documents are provided
16 to the Court and to the affected parties, including: "an
17 affidavit detailing the notice or efforts to effect notice to the
18 affected parties or counsel or showing good cause why notice
19 should not be given."

20     Here, Plaintiff neither provided notice to Defendants
21 of his intention to file a TRO nor has shown good cause in an
22 affidavit "why notice should not be given." E.D. Cal. R. 231(c).

23     Moreover, Plaintiff has not shown his entitlement to
24 the issuance of a TRO. Plaintiff has not "show[n] that a TRO
25 [hearing] is necessary before [a] motion for preliminary
26 injunction [can be duly scheduled and] heard[;]" Plaintiff does
27 not indicate in the TRO when the referenced foreclosure is
28 scheduled to occur. Baldwin v. Sebelius, No. 10CV1033 DMS (WMC),

2010 WL 2384588, at *2 (S.D. Cal. June 10, 2010). Further, Plaintiff's conclusory statements in the TRO fail to show that "he is likely to succeed on the merits of his claim[s]." Fyock v. Sunnyvale, 779 F.3d 991, 995 (9th Cir. 2015); see Loop AI Labs, Inc. v. Gatti, No. 15-cv-00798-HSG, 2015 WL 1090180, at *3 (N.D. Cal. Mar. 12, 2015) ("Conclusory allegations alone are not sufficient to demonstrate a likelihood of success on the merits."); accord Solomon v. Aurora Loan Servs., LLC, No. 2:12-00209 WBS KJN, 2012 WL 4747151, at *6 (E.D. Cal. Oct. 3, 2012).

For the stated reasons, Plaintiff's motion for a TRO, (ECF No. 12), is DENIED.

Dated:  July 2, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge